a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRENSON STOVALL, Petitioner | CIVIL DOCKET NO. 1:19-CV-1291-P |
| VERSUS | JUDGE DRELL |
| CHRIS McCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Brenson Stovall ("Stovall") (#34009-077). Stovall is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Stovall challenges his conviction and sentence imposed under 28 U.S.C. § 924(c).

Because Stovall cannot meet the requirements of the savings clause of § 2255, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Stovall was convicted of four counts of robbery under 18 U.S.C. § 1951(a) & (b), one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and three counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). See United States v. Stovall, 4:99-CR-175P, 2006 WL 741186, at *1 (N.D. Tex. Feb. 14, 2006); United States v. Stovall, 252 F.3d 1355 (5th Cir. 2001). Stovall's convictions and sentence were affirmed. Id. The

United States Supreme Court denied Stovall's petition for writ of certiorari. Stovall v. United States, 534 U.S. 884 (2001).

Stovall alleges that, in light of United States v. Davis, 139 S.Ct. 2319 (2019), his Hobbs Act robberies are not "crimes of violence" under § 924(c).

## II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Stovall previously filed a § 2255 motion, which was denied. (4:99-CR-0175, N.D. Tex.; Docs. 128, 129). Therefore, he cannot file another § 2255 motion without authorization from the United States Court of Appeals for the Fifth Circuit.

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Stovall argues that his conviction is unconstitutional because the underlying crime of violence—Hobbs Act robbery—no longer qualifies as a crime of violence. However, the Fifth Circuit has determined that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A). See United States v. Bowens, 907 F.3d 347, 353-54 (5th Cir. 2018), cert. denied, 139 S. Ct. 1299, 203 L.Ed.2d 421 (2019) ("[B]inding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. §

924(c)(3)(A).") (citing United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017)); United States v. Davis, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), aff'd in part and vacated in part, 139 S. Ct. 2319 (2019) ("Whatever arguments may be made for opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence . . . are foreclosed to us in light of Buck."). Thus, Stovall's challenge to his § 924(c) conviction premised on substantive Hobbs Act robbery is meritless.

Davis does not establish that Stovall is "actually innocent" of the charges against him because the decision did not decriminalize the conduct for which he was convicted. See Reyes–Requena, 243 F.3d at 904.

## III. Conclusion

Because Stovall cannot meet the requirements of the savings clause of § 2255(e), the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Stovall's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of November, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE